**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN DEWAYNE DANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00306-NCC |
| ) | |
| UNKNOWN SURFACE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of self-represented Plaintiff Kevin Dewayne Daniel's civil rights complaint. For the reasons explained below, the Court will dismiss this case without prejudice.

**I. Background**

Plaintiff filed the complaint under 42 U.S.C. § 1983 against his parole officer, Unknown Surface. Plaintiff identifies Surface as an employee of the Missouri Department of Corrections, Division of Probation and Parole, and sues her in her individual and official capacity. Plaintiff also names the Missouri Department of Corrections and its Division of Probation and Parole, and the Booneville Correctional Center (also "BCC"). He claims Surface violated his constitutional rights when she "made a very dangerous statement in the presence of offenders on the yard . . . during mainline coming from the dining hall." (ECF No. 1 at 3). Plaintiff was a convicted and sentenced prisoner at the time of the event in question. He alleges the following facts.

In April of 2023 while Plaintiff was in the prison yard at the BCC, Surface called him over to speak to her. Surface accused Plaintiff of spreading rumors about her "taking people's dates and spreading lies about my husband beating me!" *Id.* at 4 (emphasis in original). Plaintiff

responded, "I have no idea about what you're talking about or your professed marital issues. All I know I come to this facility after completing long term Maryville Treatment and you did report on me and get me set back from going home for 4 months." *Id.* Surface again accused Plaintiff of spreading rumors about her and said "now how about I come to your housing unit and tell everyone you're a sex offender!!!" *Id.* (emphasis in original). Plaintiff alleges they were "within earshot of hundreds of offenders on the yard going to chow and coming back from chow." *Id.* Plaintiff approached another official who told him to avoid Surface. Plaintiff filed a grievance and "exhausted [his] remedies of Grievances." *Id.* Surface later "admitted that she might have used the wrong analogy or choice of words." *Id.* Plaintiff also complains that Surface deprived him of early parole by focusing on his conduct violation and ignoring his progress in treatment.

Where the form complaint provides space for Plaintiff to describe his injuries, he writes: "Damaged reputation. The mental anguish of fear that was instilled leading to other offenders calling me a sex offender which was untrue because I only had drug offenses. Which led me to having to transfer to the TCSTL[1] so that I could get away from the slander which placed my life in danger because of how sex offenders are viewed on the prison yard." *Id.* at 4. Plaintiff seeks damages of $50,000,000. He seeks no other form of relief.

## II. Standard

Federal law requires this Court to dismiss a complaint filed *in forma pauperis* if, among other reasons, it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). To properly state a claim, a plaintiff must present more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when

---

[1] According to the Missouri Department of Corrections website, "TCSTL" is the location acronym for the Transition Center of St. Louis, https://doc.mo.gov/facilities/probation-parole/csc-crc-address-listing, a facility that provides housing and programming to men under community supervision. https://doc.mo.gov/programs/missouri-reentry-process/trarsition-center.

2

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Determining whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw upon its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted). The Court must "accept as true the facts alleged, but not legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton*, 820 F.3d at 964 (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

When reviewing a pro se complaint under section 1915(e)(2), a district court must give the complaint the benefit of a "liberal construction," meaning that "if the essence of an allegation is discernible[,] . . . the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *See id.* (explaining that even in a pro se case, federal courts need not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). A district court is not required to interpret the procedural rules of civil litigation "so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### III. Discussion

#### A. Claims against Surface in her individual and official capacity

Plaintiff claims that Surface is liable to him because, while standing within earshot of other offenders, she threatened to visit Plaintiff's housing unit and tell everyone he was a sex

3

offender. The Court liberally construes Plaintiff's allegations as asserting an Eighth Amendment failure-to-protect claim.

Officials must take "reasonable measures to guarantee the safety of the inmates." *Irving v. Dormire*, 519 F.3d 441, 450-51 (8th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 882 (1994)). In particular, officials "have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* (quoting *Farmer*, 511 U.S. at 833). Officials violate the Eighth Amendment "only when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018). *See Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020).

To prove an Eighth Amendment violation, an inmate must fulfill two requirements. *Irving*, 519 F.3d at 446. The first requirement is that, viewed objectively, the alleged deprivation of rights is sufficiently serious. *Farmer*, 511 U.S. at 834. The second requirement is a subjective inquiry and requires that the prisoner prove that the prison official had a "sufficiently culpable state of mind." *Id.* An official "cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007).

Assuming for the sake of argument that Plaintiff has established the objective element, the Court finds that his failure-to-protect claim fails because he alleges no facts to support the conclusion that Surface acted with a sufficiently culpable state of mind. Plaintiff does not allege that Surface directed her statement to any inmate or group of inmates, tried to ensure that she was overheard, or otherwise tried to lead anyone to believe that Plaintiff was a sex offender.

4

According to Plaintiff, Surface later said she had "used the wrong analogy or choice of words." (ECF No. 1 at 4). Plaintiff's allegations may show that Surface was negligent when she made the statement, but negligence falls short of deliberate indifference as a matter of law. *Patterson*, 902 F.3d at 852. The Court therefore finds that the complaint fails to state a plausible Eighth Amendment failure-to-protect claim against Surface in her individual capacity.

Plaintiff also alleges that Surface threatened him. But generally, "mere verbal threats made by a state-actor do not constitute a § 1983 claim." *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (citing *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985)). Plaintiff also complains that Surface deprived him of early parole when she failed to acknowledge his progress and focused on a conduct violation. However, inmates have no constitutional right to early parole, and Plaintiff does not claim he was subjected to any unconstitutional burdens when availing himself of ways to access early parole. *See Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014). Finally, Plaintiff's official-capacity claims for money damages against Surface will be dismissed because such claims are barred by the Eleventh Amendment. *See Dover Elevator Co. v. Arkansas State University,* 64 F.3d 442, 447 (8th Cir. 1995).

**B.     Claims against the Missouri Department of Corrections and its Division of Probation and Parole, and the Booneville Correctional Center**

Plaintiff's claims against the Missouri Department of Corrections and its Division of Probation and Parole will be dismissed. "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. State of Mo.*, 973 F.2d 599, 599 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)). Eleventh Amendment immunity extends to state agencies that are considered an arm of the State, like the Missouri Department of Corrections and its Division of Probation and Parole. *See Gibson v. Arkansas Dept. of Correction*, 265 F.3d 718, 720 (8th Cir. 2001). Missouri has not waived its Eleventh

5

Amendment immunity from suit in federal court under § 1983 for claims for damages, and Congress did not abrogate that immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332 (1979), *Williams,* 973 F.2d at 600. Accordingly, the Court concludes that the Eleventh Amendment bars Plaintiff's claims against the Missouri Department of Corrections and its Division of Probation and Parole.

Plaintiff also names the Booneville Correctional Center as a defendant. But relevant precedent establishes that a department or subdivision of local government, like the Booneville Correctional Center, is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Plaintiff's claims against the Booneville Correctional Center therefore fail as a matter of law.

For the foregoing reasons, the Court will dismiss this case without prejudice. The Court finds there would be no non-frivolous basis to argue that Plaintiff stated a valid claim against Surface in her individual or official capacity, or that he stated a valid claim against the Missouri Department of Corrections, its Division of Probation and Parole, or the Booneville Correctional Center. The Court will therefore certify that an appeal would not be taken in good faith.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of November, 2025.

JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE